BOSTICK et al vs. Cox, Clerk.

DOCKET FEE: *Against whom adjudged, etc.*
  Under section 775, Code of Civil Practice, only one docket fee is
  recoverable off of the same party in any one cause, whether liti-
  gated before one court or more than one, and is adjudged against
  the party losing costs, and such fee goes to the plaintiff or defendant
  as the case may be, and not to the attorney.

PETITION to tax Costs.
*Clark & Williams*, for petitioner.
*T. D. W. Yonley*, for defendants.

GREGG, J.  Upon the affirmance of the judgment of the
court below, Messrs. Clark & Williams, attorneys for the
appellees, filed their application for a rule against the clerk
of this court, compelling him to tax an attorney's docket fee
against the appellant in this court.

Section 775 of the Code of Civil Practice provides that in
all cases in the supreme, circuit and chancery courts, in which
costs are recovered, the clerk shall tax as costs a docket fee,
prescribing the amount to be taxed in the different courts,
and in the different classes of cases.  Also providing that but
one docket fee shall be charged against the same party in the
same action.

We are of opinion the latter clause of this section discloses
an intention on the part of the legislature to require but one
docket fee off of the same party in any one cause, whether
litigated before but one court or more than one.

Bostick et al. vs. Cox, Clerk.

If a plaintiff in a court of original jurisdiction loses his case, costs there go against him, and of course the docket fee is recovered by the defendant; if he appeals and reverses the judgment and recovers costs, etc., of the original defendant, he is then allowed his docket fee in the appellate court and will recover the amount specified for that court; with such results there may be more than one docket fee taxed in the same case, because there may be judgment for certain costs against such party. Yet there is but one recovery of a docket fee against the same party.

With this construction, all parts of this section may have effect, but to hold that, under the first clause of the section a party could recover a docket fee each time he might recover other costs, would produce conflict between it and the last clause.

The counsel assume the docket fee is for the attorney. They have referred us to no law showing that they have any interest in this fee, more than they have in other moneys recovered by their clients, and we are of opinion there is no such law, and that the attorney has no right to such fee.

In this case it is not pretended that the appellees did not collect of the appellants a docket fee in the court below, and as but one such fee can be adjudged against the same party in a suit, the rule upon the clerk is denied.